UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ANGELO VICARI,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN JACKSON, et al.,<br><br>Defendants. | No. 2:21-cv-02117 TLN AC PS<br><br>ORDER |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983 for an alleged Fourth Amendment violation during his arrest. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Before the court is defendants' motion to stay these proceedings pending the resolution of plaintiff's parallel criminal case. ECF No. 16.

I.   RELEVANT PROCEDURAL HISTORY

Plaintiff alleges that Officer Harman, the Jackson Police Department, and the City of Jackson are liable for defendant Harman's use of excessive force during plaintiff's arrest on September 13, 2021. ECF No. 1 at 3. Plaintiff alleges that at approximately 2:30 a.m., after a night of heavy drinking, he was sleeping in his car when Officer Harman woke him up and helped him out of his vehicle. Id. When plaintiff sat back down to go back to sleep, Officer Harman grabbed his left wrist and handcuffed it. Id. When plaintiff asked why, the officer did not reply

but pulled plaintiff out of the vehicle and slammed his face on the ground before handcuffing his arms behind his back. Id. Plaintiff alleges that he was bleeding from his head and suffered vision loss in his left eye, as well as migraines and loss of sleep. Id. On this factual basis, the complaint states a single claim for excessive force in violation of the Fourth Amendment. Id. at 3-4.

Defendants filed an answer and affirmative defenses. ECF No. 11. Plaintiff filed a document captioned as an "answer to affirmative defenses and summary judgment for dismissal." ECF No. 13 at 1. The court construes this filing as a motion to strike affirmative defenses.[1] Defendants oppose the motion to strike. ECF No. 17.

On March 14, 2022, defendants filed a motion to stay this case during the pendency of the associated criminal case. ECF No. 17. Plaintiff opposes the motion. ECF No. 18.

## II.    MOTION TO STAY

Defendants seek a stay of these proceedings pending plaintiff's prosecution for driving under the influence of alcohol in violation of California Vehicle Code section 23152(a), and for resisting arrest in violation of California Penal Code section 148(a)(1). ECF No. 16-1 at 2. Defendants represent that the criminal charges arise from the same incident as plaintiff's civil rights claim; the date of the alleged criminal offenses and civil rights violations is the same. When the stay motion was filed on March 14, 2022, plaintiff's criminal case was awaiting a pretrial conference. See ECF No. 16-2 at 9 (criminal case docket report).[2]

Defendants contend that abstention and a corresponding stay are appropriate because (1) the state court criminal case is ongoing, (2) the proceedings implicate important state interest, (3) plaintiff can make his excessive force claim in the state criminal case, (4) a ruling on the issue of excessive force by this court would effectively enjoin the state court decision, (5) plaintiff's Fifth

---

[1] Based on its caption, the motion was docketed as an "Answer to Affirmative Defenses and Motion for Summary Judgment for Dismissal." ECF No. 13 (docket entry). The content of the filing does not include any request for summary judgment in plaintiff's favor. Accordingly, the Clerk of Court will be directed to correct the docket.

[2] The court grants defendants' request for judicial notice of documents related to Amador County Case No. 21-CR-31019 (ECF No. 16-2). See Rule 201, Fed. R. Evid.; Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1982).

2

Amendment rights are implicated, (6) a stay would not prejudice plaintiff, (7) the stay does not burden defendants, (8) a stay will conserve judicial resources, (9) no third party interests are implicated, and (10) the public interest in protecting criminal proceedings will be served. ECF No. 16-1 at 2. First, defendants invoke the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). ECF No. 16-1 at 4-5. Alternatively, relying primarily on Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), defendants argue that this action should be stayed in the court's discretion. Id. at 5-10.

### III. STANDARDS

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Certain "exceptional" classes of cases do support abstention, however. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1998). The paradigmatic example is Younger v. Harris, 401 U.S. 37 (1971), which "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." Sprint, 571 U.S. at 72. Younger abstention "remains an extraordinary and narrow exception to the general rule" obligating federal courts to decide federal questions that have been presented to them. Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 727 (9th Cir. 2017) (internal quotation marks omitted)).

As the Ninth Circuit has explained, "Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc). Younger thus prohibits federal courts from directly enjoining state prosecutions, 401 U.S. at 45, and also from substantially interfering with ongoing state prosecutions by entertaining claims that seek to enforce the rights of the criminal defendant in the

state forum. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam).

In sum, Younger abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). All four elements must be satisfied to warrant abstention. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007). Absent abstention, the decision whether to stay proceedings is within the court's discretion. See Securities & Exchange Comm'n. v. Dresser Indus., 628 F.2d 1368, 1376 (9th Cir. 1980) (citing United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970)).

IV.    DISCUSSION

The first two Younger factors are indisputably satisfied in this case: there is (1) an ongoing state-initiated proceeding that (2) implicates the state's important interest in the enforcement of its criminal laws. See Younger, 401 U.S. at 45; Mann, 781 F.2d at 1449. Defendants urge that the third factor is also satisfied, because plaintiff will have the opportunity to raise his excessive force claim in defense to the charge of resisting arrest. ECF No. 16-1 at 5 (citing Susag v. City of Lake Forest, 94 Cal. App. 4th 1401 (2002)). The extent to which an arresting officer's excessive use of force may provide a defense to Penal Code 148 charges necessarily depends on the factual relationships between the act of arrest, the force used by the officer, and the resistance of the arrestee.[3] The same case-specific factual inquiry is necessary to evaluate the fourth factor: whether consideration of plaintiff's § 1983 claim would have "the

---

[3] A conviction under Section 148(a)(1) requires proof beyond a reasonable doubt that the officer was acting lawfully at the time the offense against him was committed. In re Joseph F., 85 Cal. App. 4th 975, 982 (2000). Accordingly, evidence that the officer was acting unlawfully in effecting the arrest may be considered in defense. If excessive force is used independently of the arrest, however—for example, if excessive force is used *after* a lawful arrest has been effected—that subsequent violation of the arrestee's rights would not provide a defense to a § 148(a)(1) charge. It could, however, support an independent § 1983 claim that would not be barred by conviction for resisting the arrest. See Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012); see also Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("[e]xcessive force used after an arrest is made does not destroy the lawfulness of the arrest" under California law).

4

practical effect of enjoining" the ongoing state judicial proceeding. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014).[4] The court therefore turns to the facts.

The complaint alleges in relevant part as follows:

> … Officer Harman grabbed my left wrist and pulled it behind me and placed a handcuff on that wrist. I did not actively resist but did ask Officer Harman why he was doing this. Officer Harman did not comply, but simply pulled me out of my vehicle and slammed me face first on the ground before handcuffing my arms behind my back.

ECF No. 1 at 3.

These allegations involve the force used by defendant Harman to place plaintiff under arrest. There are no allegations of force used independently of the arrest. Id. at 3-4. Officer Harman's report, which is the basis for the pending misdemeanor charge of resisting arrest, specifies that plaintiff "had to be forcibly removed from the vehicle" because he did not comply with the directive to remain standing outside his car, and thereafter "continued to resist handcuffing and had to be taken to ground to gain compliance." ECF No. 16-2 at 6. It is readily apparent that the factual bases for plaintiff's Fourth Amendment claim and for the criminal charge do not merely overlap, they amount to two opposing versions of the same set of facts and circumstances. Plaintiff's arguments in opposition to the stay motion, ECF No. 18, make this abundantly clear.

Although common subject matter alone does not support abstention, Sprint, 571 U.S. at 72, the overlap between the two cases here is both factual and legal, and involves the very core of each matter. In order to prevail on his Fourth Amendment claim, plaintiff must ultimately prove that Officer Harman used a degree of force that was objectively unreasonable in light of all the

---

[4] Plaintiff's federal complaint does not directly seek to enjoin the state prosecution, nor does it seek damages for alleged violations of plaintiff's rights in that proceeding. Cf. Gilbertson, 381 F.3d at 982 (Younger applies where plaintiff's claims are based on alleged violations of his federal rights in pending state administrative proceeding); Mann, 781 F.2d at 1449 (Younger applies where claim is based on denial of right to counsel in ongoing state criminal case). The remedies plaintiff seeks in this action are independent of the state criminal matter. Accordingly, abstention is appropriate here only if the requested relief would have "the practical effect of enjoining" the ongoing state judicial proceeding. ReadyLink, supra.

facts and circumstances.  Tennessee v. Garner, 471 U.S. 1, 7-8 (1985); Torres v. City of Madera, 648 F.3d 1119, 1123-24 (9th Cir. 2011), cert. denied, 565 U.S. 1114 (2012).  For plaintiff to be convicted in the state criminal proceeding, on the other hand, the prosecution must prove that the arrest was lawful – including as to the reasonableness of any force used.  See In re Joseph F., 85 Cal. App. 4th 975, 982 (2000); People v. Curtis, 70 Cal.2d 347, 354-56, 357 (1969) ("an officer may only use *reasonable* force to make an arrest or to overcome resistance" (emphasis in original)).  Accordingly, defendants are correct that adjudication of plaintiff's § 1983 claim would necessarily usurp fact-finding that is essential to the pending state proceeding.  Such interference would have the practical effect of enjoining the prosecution.

Faced with similar circumstances, other district courts in California have found Younger abstention to be appropriate.  See, e.g., Jones v. County of Contra Costa, No. 13-cv-05552 TEH, 2014 U.S. Dist. LEXIS 50734, 2014 WL 1411205, at *3 (N.D. Cal. Apr. 11, 2014) ("Any ruling by this Court would . . . necessarily intrude on the state criminal matter also seeking to pass judgment on [plaintiff's] resistance."); Mota v. White, No. 3:20-cv-1863-LAB-RBM, 2020 U.S. Dist. LEXIS 225430, 2020 WL 7043605 (S.D. Cal. Dec. 1, 2020).  The court finds that the same result is warranted here.

Even if Younger did not require abstention, the undersigned would stay this action in the exercise of the court's discretion.  A stay will promote comity and preserve judicial resources. Although plaintiff represents that he has no Fifth Amendment concerns about proceeding civilly while he is being criminally prosecuted, ECF No. 18 at 2-3, it is nonetheless appropriate for this court to stay discovery until the risk of self-incrimination has passed.  See ESG Capital Partners LP v. Statos, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014) (courts have recognized that a large overlap in the facts of pending civil and criminal cases may present a Fifth Amendment problem and weighs heavily in favor of a stay).  A stay here will neither prejudice nor benefit any party. Indeed, given the trial readiness of the criminal case and the very preliminary stage of this lawsuit, particularly in light of this district's caseload and typical litigation timelines, it is a virtual certainty that the criminal case will in any event conclude before this case progresses far.  A stay will simply permit discovery and motion practice to be responsive to the outcome of the criminal

case from the outset, rather than requiring a reset or a duplication of effort. Having considered all of the pertinent circumstances, see Keating, 45 F.3d at 324-25, the court concludes that a stay is appropriate.

## V.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED as follows:

1. Defendants' motion for a stay, ECF No. 16, is GRANTED and the proceedings are STAYED until further order of the court;
2. Defendants shall file a status report regarding the parallel criminal case every 90 days until the stay is lifted;
3. The Clerk of Court shall correct the docket to reflect that ECF No. 13 is a motion to strike affirmative defenses; and
4. Plaintiff's motion to strike, ECF No. 13, is DENIED without prejudice to refiling following the lifting of the stay in this case.

DATED: April 13, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE